STATE OF OREGON,
*Appellant,*

*v.*

GRANT DALE USITALO,
*Respondent.*

(No. L 58712, CA 19704)

636 P2d 440

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

David L. Slader, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

Defendant was charged by Uniform Traffic Complaint with knowingly displaying and possessing a suspended motor vehicle operator's license in violation of ORS 482.610(1).[1] Defendant demurred to the complaint, challenging the constitutionality of the statute on three grounds.[2] The trial court sustained defendant's demurrer on those grounds and held *sua sponte* that the complaint was insufficient on its face because it did not allege that defendant was driving a motor vehicle. The state appeals. We reverse.

Although this case was decided on demurrer, the parties presented an agreed statement of facts, which may be summarized as follows. On June 9, 1980, defendant and others apparently became involved in some objectionable conduct in a Portland store. The proprietor called police to eject them. When the officer arrived he first asked defendant for some identification, not specifically for his driver's license. Defendant produced his driver's license, which a records check showed to be suspended. Defendant was thereupon cited for possessing and displaying a suspended driver's license. It was also agreed that the Motor Vehicles Division had suspended defendant's license from June 4, 1980, through October 2, 1980, based on a reported refusal to submit to a chemical breath test; that the order of suspension contained a warning that suspended licenses must be surrendered to the Division; and that the copy of

---

[1] ORS 482.610(1) provides:

"No person shall commit any of the following acts:

"(1) Display or cause or permit to be displayed or possess any operator's or chauffeur's license, instruction permit or special permit, knowing it to be fictitious or to have been canceled, revoked, suspended or fraudulently altered."

[2] The three grounds were:

1) It fails to require that the accused have knowledge that suspended licenses must be turned in and that possession is punishable as a criminal offense;

2) ORS 482.610(1) is unconstitutional in that it goes beyond the state's police power and is not reasonably related to the legitimate state interest in preventing unlicensed drivers from operating motor vehicles;

3) Classification of ORS 482.610(1) as a Class A Misdemeanor is a violation of Art I, § 16, Oregon Constitution.

the suspension order mailed to defendant had been returned as unclaimed. The trial court noted, in addition, that it was clear, from both the agreed statement of facts and the face of the complaint itself, that there was no claim in this case that defendant was operating a motor vehicle at the time he was cited or that a motor vehicle was involved in the offense charged.

Defendant argues on appeal that the trial court did not err because, if the complaint charges a crime without a culpable mental state, it violates due process and fails to state an offense and that it is a violation of due process of law for the state to punish as a crime the possession of a license which it has previously authorized the defendant to carry, unless it is an element of the crime that the defendant knew his authority even to possess the license had been cancelled. Additionally, defendant asserts that it is not necessary to reach the constitutionality issue because this offense, which is outside the Criminal Code and does not require knowledge of defendant's lack of authority to possess the license, is not a crime but a violation.

We conclude that the challenged statute is constitutional and that the trial court erred in sustaining defendant's demurrer.

■     1) The complaint charges defendant with misuse of an Oregon driver's license while that license was suspended. ORS 482.610(1) prohibits a person from possessing or displaying a license which he *knows* to be "cancelled, revoked, suspended or fraudulently altered." Other provisions of the same section require that a suspended license be surrendered to the Motor Vehicles Division. ORS 482.610(4).

■     2) As to defendant's second contention, that the legislature cannot make mere possession or displaying of a suspended license a Class A misdemeanor, having a motor vehicle operator's license is a revocable privilege. It is within the power of the legislature to provide for revocation of that privilege under certain conditions. It is a reasonable exercise of the police power as a precaution against the misuse of suspended driver's licenses that the same be surrendered to the Motor Vehicle Division. It is constitutionally permissible to make a misdemeanor the mere

possession or display of a suspended license, knowing it to have been suspended. Similar statutes have been held to constitute a valid exercise of the police power of the state since such legislation enures to the general safety of the motoring public. *See generally* 7A Am Jur 2d Automobile and Highway Traffic, § 101 (1980); Annot., 6 ALR 3d 506, § 2 (1966).

■ 3) Likewise we can find no basis for defendant's argument that the difference between the penalties for driving without a license and that provided for the instant violation is of constitutional significance.

■ 4) We see no basis for imposing a requirement that the complaint should have included an allegation that defendant was operating an automobile at the time charged. ORS 482.610(1) contains no such requirement, and we find no constitutional basis for requiring the same.

Lastly, we do not consider defendant's contention made for the first time on appeal that this offense is not a crime but a violation.

We are not unmindful that defendant also contends that he did not receive the notice of suspension of his operator's license from the Motor Vehicles Division. That is an issue for determination at the trial of this case on the merits.

Reversed and remanded for trial.